IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

APRIL THOMAS,

    Plaintiff,

vs.

LIFESTREAM BEHAVIORAL CENTER, INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## **COMPLAINT FOR DAMAGES**

Plaintiff, APRIL THOMAS, sues Defendant, LIFESTREAM BEHAVIORAL CENTER, INC., and shows:

### **Introduction**

1. This is an action by APRIL THOMAS ("THOMAS") against her former employer, LIFESTREAM BEHAVIORAL CENTER, INC. ("LIFESTREAM"), for unpaid overtime wages pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### **Jurisdiction**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, THOMAS, a resident of Lake County, Florida, was, at all times material, employed by LIFESTREAM as an adult case manager, was an employee as defined by 29 U.S.C. § 203 (e), and during her employment with LIFESTREAM, was engaged in commerce or in the production of goods for commerce.

5. Defendant, LIFESTREAM, is a Florida not for profit corporation doing business in Lake County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. §§ 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 207 and 215, in the offices where THOMAS was employed in Leesburg, Florida.

6. THOMAS was employed with LIFESTREAM as an adult case manager, wherein she worked both in the office and traveled around the community visiting patients.

7. THOMAS was employed with LIFESTREAM from on or about January 30, 2020 to on or about September 2, 2020.

8. During her employment, THOMAS routinely worked over 40 hours a week without being paid overtime for any hours over 40.

**Count I – Violation of FLSA by Defendant LIFESTREAM – Overtime**

9. Plaintiff, THOMAS, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 above.

10. Since on or about January 30, 2020 up to and including September 2, 2020, Defendant LIFESTREAM has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-

half times the regular rates at which they were employed: specifically THOMAS, since January 2020, worked in excess of 40 hours a week nearly every week of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

11.     The failure to pay overtime compensation to THOMAS is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee, or in the alternative, if THOMAS was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to THOMAS.

12.     LIFESTREAM's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and THOMAS's status as non-exempt but chose not to pay her in accordance with the Act.

13.     THOMAS is entitled, pursuant to 29 U.S.C. § 216(b), to recover from LIFESTREAM:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, THOMAS, prays that this court will grant judgment against Defendant LIFESTREAM:

    a. awarding THOMAS payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

    b. awarding THOMAS an additional equal amount as liquidated damages;

c. awarding THOMAS her costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: May 7, 2021
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for APRIL THOMAS*